UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No: 00-6031-CIV-GOLD

UNITED STATES OF AMERICA

        Plaintiff

vs.

RAFAEL O. ALPIZAR

        Defendant
_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

### Claim I

3. The defendant is indebted to the plaintiff in the principal amount of $3449.42, plus interest on this principal amount computed at the rate of 9.13 percent per annum in the amount of $2075.92, plus interest thereafter on this principal from January 5, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $8.28. See Exhibit A attached hereto and incorporated herein.

### Claim II

4. The defendant is indebted to the plaintiff in the principal amount of $2026.13, plus interest on this principal amount computed at the rate of 10.00 percent per annum in the amount



of $1365.61, plus interest thereafter on this principal from January 5, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $0.00. See Exhibit B attached hereto and incorporated herein.

5. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $8925.36, plus interest at 9.13 percent per annum on the principal amount of $3449.42, and interest at 10.00 percent per annum on the principal amount of $2026.13, from January 5, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this __6__ day of __JANUARY__, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 Ne 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. 3059619311
Fax No. 3055307195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

Rafael O. Alpizar
18920 NW 19th St.
Pembroke Pines, Fl. 33029

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 01/28/99.

On or about 05/27/89, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from Meritor Savings Bank at 9.13 percent interest per annum. This loan obligation was guaranteed by Pennsylvania Higher Education Assistance Agency and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $675.25 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12/10/91, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,533.34 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/29/95, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $19.32 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $3,449.42 |
| Interest: | $1,780.94 |
| Administrative/Collection Costs: | $8.28 |
| Late fees | $0.00 |
| Total debt as of 01/28/99: | $5,238.64 |

Interest accrues on the principal shown here at the rate of $0.86 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3/3/99      Name: _____
                         Title: LOAN ANALYST
                         Branch: LITIGATION BRANCH



PHEAA Form 1653 1/87

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY**
**PLUS/SLS PROGRAMS**
**PROMISSORY NOTE**

Lender Loan Number _____     Date __02-10__ 19_8_

7 0 1 9 7 1 5 4 7

**FEDERAL LAW REQUIRES ALL SLS LOAN CHECKS FOR STUDENT BORROWERS TO BE MAILED TO THE SCHOOL.**

BORROWER'S NAME AND ADDRESS           LENDER'S NAME AND ADDRESS

RAFAEL O. ALDIZAR                    MERITOR SAVINGS BANK 844801
739 SW 9 ST                          HICKORY POINTE OFF BLD
APT 9                                SUITE 301
MIAMI, FL 33130                      PLYMOUTH MEETH, PA 19462

|                         | PLUS/SLS      | GSL   | TOTAL       |
|-------------------------|---------------|-------|-------------|
| TOTAL LOAN BORROWINGS:  | $ 4,000.00  + $ | 0   = | $ 4,000.00  |

**LOAN GUARANTY**

A loan guaranty is approved as follows by the Pennsylvania Higher Education Assistance Agency (PHEAA) for the borrower(s) referenced herein:

| GUARANTY INFORMATION | SCHOOL INFORMATION |
|---|---|
| GUARANTY AMOUNT: $ 4,000<br>APPROVAL DATE: 02/10/89<br>TYPE OF BORROWER: INDEPENDENT UNDERGRAD<br>BORROWER'S SS#: 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<br>BORROWER REQUESTED DEFERMENT: NO<br>FILE NUMBER: P890034-76<br>STUDENT'S NAME: RAFAEL O. ALDIZAR<br>STUDENT'S SS#: 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<br>LOAN TERM: 01/09/89 THRU 08/27/89<br>EXPECTED GRADUATION DATE: 08/89<br>FIRST-TIME APPLICATION<br>INTEREST RATE: VARIABLE BUT NOT MORE<br>  THAN 12%. RATE IN EFFECT UNTIL<br>  7/89 IS 10.45% | SCHOOL NAME AND ADDRESS:<br>  GARCES COMMERCIAL COLLEGE 187044<br>  1301 SW FIRST STREET<br>  MIAMI, FL 33135<br>04A-A ENROLLMENT STATUS:<br>       FULL TIME<br>04B-A STUDENT'S PROGRESS:<br>       SATISFACTORY<br>05A-A GRADE LEVEL: 1ST YR UNDERGRAD<br>05B-A DEPENDENCY STATUS: INDEPENDENT<br>06 -A EDUCATIONAL COSTS: $11,724<br>07A-A FINANCIAL AID:       $ 4,825<br>08 -  COSTS LESS AID:      $ 6,899<br>09 -A LOAN DEFAULT/GRANT REFUND: NO<br>10 -  REMAINING ELIGIBILITY:<br>11 -A SCHOOL CERTIFICATION DATE:<br>       01/18/89 |

With the Agency's approval herein contained and upon your making such loan, the repayment thereof will be guaranteed by this Agency in accordance with the terms of the Loan Guaranty Agreement between the Agency and your lending institution.

*Kenneth R. Reeher*
Kenneth R. Reeher
EXECUTIVE DIRECTOR

**I. Promise To Pay:** I/We, the undersigned borrower(s), for value received, promise to pay to the Lender or to a subsequent holder of this Promissory Note all of the principal sum of $ 4,000.00, to the extent it is advanced to me/us, plus an amount equivalent to simple interest on this sum at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be effective for July 1 through June 30 of each year. The interest rate for any 12 month period will be the rate published for that period by the U.S. Department of Education for variable rate PLUS/SLS loans. I/We also promise to pay the Lender any other charges which may become due as provided in Section V. The Lender will notify me annually of the interest rate which will apply to the loan for each July 1 through June 30 period. If I/we fail to pay any of these amounts when they are due, I/we will also pay all charges and other costs including attorney's fees and court costs, that are permitted by Federal law and regulations for the collection of these amounts.

I/We understand that the following terms apply to this loan (Sections VII and XII do not apply to any co-signer or endorser of this Note):

**II. INSURANCE PREMIUM:** I/We will pay to the Lender an amount equal to the insurance premium that the Lender is required to pay to PHEAA in order to obtain PHEAA's guarantee on this loan. The rate and amount of the insurance premium will be identified to me/us in a separate document, known as a Disclosure Statement, that the Lender will provide me/us upon disbursement of this loan. The Lender will deduct the premium proportionately from each disbursement of principal on this loan.

**III. REFINANCING FEE:** If this loan is made by the current holder of loan(s) being refinanced in order to obtain a variable interest rate, I/we will pay a refinancing fee, if required to do so, not to exceed $100 to cover the administrative costs of reissuing such loan(s). I/We will pay any applicable refinancing fee separately and in advance to the Lender.

**IV. PREPAYMENT:** I/We may, at my/our option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I/we will be entitled to a rebate of any unearned interest that I/we have paid.

I/We hereby acknowledge that I/we have read both sides of this Note, and I/we have raised any questions if not understood.

_signature_ (SEAL)    **RAFAEL O. ALDIZAR**         5-27-8
Signature of Borrower   Typed or Printed Name        Date

_signature_ (SEAL)    Melania Alpizar              5-27-8
Signature of Co-signer or Endorser   Typed or Printed Name   Date

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

Rafael O. Alpizar
18920 NW 19th St.
Pembroke Pines, Fl. 33029

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 01/28/99.

On or about 03/09/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Meritor Savings Bank at 10.00 percent interest per annum. This loan obligation was guaranteed by Pennsylvania Higher Education Assistance Agency and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $32.93 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 04/20/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,764.22 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/29/95, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $11.68 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,026.13 |
| Interest: | $1,175.90 |
| Administrative/Collection Costs: | $0.00 |
| Late fees | $0.00 |
| Total debt as of 01/28/99: | $3,202.03 |

Interest accrues on the principal shown here at the rate of $0.56 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3/3/99    Name: _____
                       Title: LOAN ANALYST
                       Branch: LITIGATION BRANCH


GOVERNMENT EXHIBIT B

FORM 550 (REV. 3/86)

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY**
**GUARANTEED STUDENT LOAN PROGRAM**
**PROMISSORY NOTE WITH DISCLOSURE**

4 89058000

Lender Loan No. __1__

02-27 , 19 &

7  0175  0012

BORROWER:
RAFAEL O. ALPIZAR
739 SW 9 ST
APT 9
MIAMI, FL 33130

LENDER: M44801
MERITOR SAVINGS BANK
P.O. BOX 8116
HARRISBURG, PA 17105

## LOAN GUARANTY

A loan guaranty is approved as follows by the Pennsylvania Higher Education Assistance Agency (PHEAA) for the borrower referenced herein:

**GUARANTY INFORMATION**
SS# : 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
FILE #: 890132-23
GUARANTY AMOUNT: $2625
GUARANTY DATE: 02/27/89
LOAN TERM: 01/09/89 TO 08/27/89
EXPECTED GRADUATION DATE: 08/89
FIRST-TIME APPLICATION
ELIGIBLE FOR INTEREST SUBSIDY
PRIOR LOANS SOLD TO SLMA: NO
AMOUNT OF GSL'S OUTSTANDING
 THROUGH OTHER LENDERS: $0.00

**SCHOOL INFORMATION**
SCHOOL NAME AND ADDRESS - 187044
  GARCES COMMERCIAL COLLEGE
  1301 SW FIRST STREET
  MIAMI, FL  33135

04A -A ENROLLMENT STATUS:     FULL TIME
04B -A STUDENT'S PROGRESS:          YES
05A -A GRADE LEVEL:      1ST YR UNDERGRAD
05B -A DEPENDENCY STATUS:    INDEPENDENT
06  -A EDUCATIONAL COSTS:        $11724
07A -A FINANCIAL AID:             $6200
07B -A EXPECTED FAMILY CONTRIB:    $  0
08  -  COST LESS AID LESS EFC:    $5524
09  -A LOAN DEFAULT/GRANT REFUND:    NO
10B -A REMAINING ELIGIBILITY:       N/A
11  -A SCHOOL CERT. DATE:       01/13/89

With the Agency's approval herein contained and upon making such loan, the repayment thereof will be guaranteed by this Agency in accordance with the terms of the Loan Guaranty Agreement between the Agency and your lending institution.

*Kenneth R. Reeher*
Kenneth R. Reeher
EXECUTIVE DIRECTOR

## AMOUNT DISBURSED

| Estimated Date of Disbursement: | First or Entire Disbursement | Second Disbursement | Totals |
|---|---|---|---|
|  | 03/13/89 |  |  |
| Loan Amount | $ 2625.00 | $ | $ |
| LESS: Insurance Premium | $      .00 | $ |  |
| LESS: Origination Fee | $  131.25 | $ |  |
| EQUALS: Amount of Loan Check | $ 2493.75 | $ |  |

Total Loan Borrowings:
GSL - $2,625.00
PLUS/SLS - $4,000.00
CONSOLIDATION - $0.00

TOTAL - $6,625.00

The total amount listed includes the amount of this loan but does not include any amount you owe under the Perkins (NDSL) Loan Program or the Health Education Assistance Loan Program. It also does not include GSL borrowings from another lender if the loans were guaranteed by a guarantor other than PHEAA.

Interest Rate: 8% UNTIL END OF 4TH YEAR OF REPAYMENT, 10% THEREAFTER
Insurance Premium: 0.0%  Origination Fee: 5.0%

**I PROMISE TO PAY:**
I, the undersigned (the borrower), for value received, promise to pay to the order of the Lender or to a subsequent holder of this Promissory Note all of the principal sum of: $ 2625 to the extent it is advanced to me, plus interest as set forth in Paragraph II, and any other charges which may become due as provided in Paragraph V. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs, including attorney's fees and court costs, that are permitted by Federal law and regulations for the collection of these amounts.

I hereby acknowledge that I have read both sides of this Note, including the disclosures, and I have raised any questions if not understood.

X _[signature]_                              (SEAL)     RAFAEL O. ALPIZAR      3/9
Signature of Borrower                                    Typed or Printed Name    Date

739 SW 9 ST #9 MIAMI                                    F1                       3312

**II. INTEREST:** (1) I agree to pay an amount equivalent to simple interest [as specified in #4)] on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the U.S. Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program (GSLP). In the event that the interest on this loan is payable by the Secretary, neither the Lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once the repayment period begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment, Paragraph VIII, in this Note. (4) The interest rate will be determined according to the following: (a) If I have an outstanding Guaranteed Student Loan(s) (GSL) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL's. (b) If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding GSL's, the applicable interest rate on this loan will be 8%. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding GSL's but I do have an outstanding balance on any PLUS, or Supplemental Loans for Students (SLS) made for enrollment period(s) beginning before that date or on any Consolidation loans(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any GSL, PLUS, or SLS loan(s) made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment period and will be 10% beginning with the fifth year of my repayment period. (5) The applicable interest rate (a) until the end of the fourth year of my repayment period, and (b) beginning with the fifth year of my repayment period, will be identified in the Amount Disbursed Section. (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The Lender or other holder of this Note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with PHEAA's policies.

**III. DATE NOTE COMES DUE:** I will repay this loan: (1) in periodic installments during a repayment period that will begin no later than the end of my grace period; (2) in full immediately if I fail to enroll in and attend the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying at least one-half the normal full-time academic work load required by a school approved by the U.S. Secretary of Education for participation in the GSLP. If I have obtained a loan on which the interest rate is more than 7 percent per annum, I am entitled to a grace period of 6 months. If at any time I cease at least half-time attendance at a participating school for 6 consecutive months, I will have used my grace period. If I have obtained a loan on which the interest rate is 7 percent, I am entitled to a grace period of not less than 9 months, and not more than 12 months. If at any time I cease at least half-time attendance at a participating school for 9 to 12 consecutive months, I will have used my grace period. During the grace period, I may request in writing that the grace period be shortened and the repayment period begin earlier.

**IV. ORIGINATION FEE AND INSURANCE PREMIUM:** I will pay to the Lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. I will also pay the Lender an amount equal to the insurance premium that the Lender is required to pay to PHEAA for the guarantee of this loan. The Lender will deduct the origination fee and the insurance premium proportionately from each disbursement of principal of this loan. I am entitled to a refund of the origination fee and insurance premium paid in respect to this Note, if I pay back this Note in full within 120 days of disbursement or I return the uncashed loan check to the Lender. The amount of the origination fee and insurance premium will be disclosed to me in the Amount Disbursed Section.

**V. LATE CHARGES AND COLLECTION COSTS:** I agree to pay the following amounts if delinquent in making payments when due or if this Note is declared in default:
(1) A late charge not to exceed 6 cents for each dollar of any installment payment not received by the Lender within 10 days after it is due, unless documentation is provided of eligibility to have the payment deferred as described under Paragraph VIII in this Note.
(2) Reasonable collection costs incurred by the Lender in attempting to collect any overdue amount. These costs may include attorney's fees, court costs, and costs of telegrams and long-distance telephone calls.
(3) Collection costs which do not exceed 25 percent of the unpaid principal and accrued interest if this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act.

**VI. PREPAYMENT:** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest I have paid.

**VII. REPAYMENT:** The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment disclosure (PHEAA Form 500R), that the Lender will provide to me normally just before the repayment period begins.

I agree to repay this loan over a repayment period that generally lasts at least 5 years but not more than 10 years to commence at the expiration of the grace period. However, if during the grace period, I request in writing a repayment period shorter than 5 years, the Lender may grant me a shorter period. I may later choose to have the repayment period extended to 5 years. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I (we, if both my spouse and I have GSLP or PLUS/SLS Program loans outstanding) pay toward principal and interest at least $600 or the unpaid balance (plus interest), whichever is less, of the total amount owing to all holders of my (our) GSLP and PLUS/SLS loans. Any period described under Paragraph VIII in this Note or any period for which the Lender has granted forbearance will not be included in determining the 5- and 10-year periods mentioned above. The terms for repayment set forth in this paragraph are not applicable after the Note has been declared in default. Acceptance by the Lender of any delinquent payments shall not extend the time of payment for any amount remaining unpaid and shall not constitute a waiver of any of the Lender's other rights as set forth in this Note.

**VIII. DEFERMENT:** I am entitled to deferments authorized under the Higher Education Act of 1965, as amended, and its regulations. In order to receive a deferment, I must request the deferment and provide the Lender with all documentation required to establish my eligibility. I understand that I must notify the Lender when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information contained in my GSL application booklet which I have received.

**IX. FORBEARANCE:** Should I experience financial difficulties in meeting the repayment schedule, I may request and the Lender may grant me a short period during which no payments must be made, a longer period of time in which to complete repayment, or payment of smaller monthly installments than originally agreed upon.

**X. REPAYMENT BY DEPARTMENT OF DEFENSE:** Under certain conditions, military personnel may have their loans repaid by the U.S. Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141, note). Questions concerning the program should be addressed to the local Service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

**XI. TRANSFER OF NOTE:** This Note may be transferred to a holder other than the Lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. The Lender will notify me of any such transfer in writing.

**XII. CANCELLATION:** The obligation to repay the loan evidenced by this Note shall be cancelled: (1) upon submission to the Lender of documentation of my death; (2) upon the acceptance by PHEAA of the statement of a qualified physician verifying my total and permanent disability; or (3) upon submission to PHEAA of proof that the obligation has been discharged in bankruptcy.

**XIII. DEFAULT:** "Default" means the failure of a borrower to make an installment payment when due, or to meet other terms of the promissory note under circumstances where the U.S. Secretary of Education or PHEAA finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments. If I default on this loan: (1) the Lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable; (2) the Lender, holder, or PHEAA may disclose to schools I have attended (or am currently attending) information about the default; (3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called NDSL), Guaranteed Student Loan, SLS Loan, PLUS Loan, Income Contingent Loan, or Consolidation Loan; and (4) I will be ineligible for the benefits described in Paragraphs II and VII of this Note.

**XIV. CREDIT BUREAU NOTIFICATION:** Information concerning the amount of this loan and its repayment will be reported to credit bureau organizations. If I default on this loan, the Lender, holder, or PHEAA will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The Lender, holder, or PHEAA must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days. The Lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**XV. GENERAL:** (1) I agree to use all of the proceeds of the loan evidenced by this Note solely for tuition and other reasonable expenses incurred by me in attending the school for which I have obtained this loan. I further agree to observe and comply with all rules and regulations adopted by PHEAA relating to the GSLP and advise PHEAA and the Lender promptly in writing of any changes in my name, address, school enrollment or deferment status. (2) I hereby authorize the Lender to make disbursements by check payable jointly to me and the school where I am enrolled, and to obtain information concerning my enrollment status and address from the school where I am enrolled. The loan check will require my endorsement and the Lender will mail the check to the school unless I am attending a school outside the United States. (3) I acknowledge that pursuant to the Act of August 7, 1963, P.L. 549 I am legally obligated to repay this Note even though I may be less than 18 years of age.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

RAFAEL O. ALPIZAR

00-6031   NIGHT BOX FILED

CIV - GOLD

B: Broward 0:00CV6031/ASG   Simon

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  CLARENCE MADDOX BROWARD
(IN U.S. PLAINTIFF CASES ONLY) CLERK / SDFL / MIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE SIMONTON

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE   MONROE   (BROWARD)   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med Malpractice | B[ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | A PROPERTY RIGHTS | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | B[ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | PERSONAL PROPERTY | B[ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| A[X] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 340 Marine | [ ] 370 Other Fraud | B[ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | B[ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA 1395ff | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| B[ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | B[ ] 530 General | [ ] 790 Other Labor Litigation | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare | A[ ] 535 Death Penalty | | | [ ] 890 Other Statutory Actions A OR B |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | B[ ] 540 Mandamus & Other | A[ ] 791 Empl Ret Inc Security Act | A[ ] 871 IRS - Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | | B[ ] 550 Civil Rights | | | |
| | | B[ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN 34CFR 682.100(4) (d)

LENGTH OF TRIAL
via 1 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $ 8,925.36 + interest & costs

CHECK YES only if demanded in complaint
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE  1/6/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG JUDGE ____